Appellants appeal the judgment of the Lorain County Common Pleas Court, Probate Division, overruling their objection to the magistrate's report pertaining to their adoption of two minor children. These two children were in the permanent custody of Lorain County Children Services Board ("L.C.S.B."). Appellants applied for the adoption of these two children and L.C.S.B. objected to the petitions pursuant to R.C. 3107.07(K) because Appellants had not obtained L.C.S.B.'s consent as required by R.C. 3107.06(D), and because the adoptions were not in the best interest of the children pursuant to R.C.3107.161. The case was set for a hearing pursuant to R.C.3107.161. After an extensive hearing pertaining to the best interest of the children, the magistrate' report recommended denial of Appellants' adoption petitions for the children. Appellants objected to the magistrate's findings and conclusions, and the trial court overruled the objection and adopted the magistrate's report. Appellants timely appealed the judgment of the trial court.
Appellants argue that the trial court improperly placed the burden of proof upon them, that the judgment is against the manifest weight of the evidence, that the judgment deprived them of equal protection, and that the trial court failed to consider the requisite statutory factors.[1] This Court affirms the judgment of the trial court.
 I.
Appellants have been licensed foster parents in Lorain County for over twenty years. They began fostering children after their four biological children were born. They later adopted four of their foster children. Appellants predominantly fostered infants and toddlers, and allegedly "shun[ned] adolescent foster children because of perceived, special problems these children bring." All of their biological children are emancipated and no longer live in the family home. Two adoptive children are emancipated and live independently, and one adult and one minor adoptive child presently live with Appellants. During July 1997, Appellants petitioned the Lorain County Common Pleas Court, Probate Division, to adopt two minor children they had fostered. Based upon Appellants' advanced ages, L.C.S.B. requested that they provide an alternative care giver in the event they became unable to care for the potential adoptive children. Appellants initially listed their eldest biological child as the alternative care giver. L.C.S.B. contacted her and inquired as to her willingness and ability to care for the children in the event her parents became unable to provide for them. She declined and indicated that she was not in favor of the adoption, and alleged that when children in Appellants' home reached adolescence, Appellants were unable to cope with their needs and often resorted to physical and emotional abuse. Based upon this information, L.C.S.B. undertook contacting the adult natural and adopted children in order to verify or dispel the allegations.
Three of Appellants' biological children and one adopted child all corroborated the allegations of emotional and physical abuse. All four indicated that they had been struck by Appellants and that their mother would often lose her temper and lash out at the older children either verbally or physically. Another adopted child has left the Appellants' home and has not been heard from by any family member. Appellants' first granddaughter was sexually molested by a foster child while at the Appellants' home visiting, and one of Appellants' biological daughters was also sexually molested by a male relative as an adolescent in Appellants' home. Five out of six of Appellants' emancipated children have completely broken all ties with Appellants and no longer wish to have any future contact. One adult biological and one adopted child refute the allegations of abuse, although they do acknowledge physical discipline with a belt, and that their mother has had problems controlling her anger and would verbally scold the children. All the children, and their mother, testified that the mother had sought counseling to assist her in controlling her anger. However, Appellants maintain that the failed relationships with five of their eight children is not due to their parenting skills or any physical or emotional abuse.
Appellants presented numerous witnesses who were either friends or co-workers, and also former teachers and school administrators for Appellants' children. All of these witnesses essentially stated that Appellants were kind and warm individuals who were concerned and devoted parents. However, these witnesses also conceded that they had not spent any extended period of time inside the family residence, and had only passing relationships with Appellants' children in the school setting. In addition, the mother testified that she would control her anger in front of guests, shielding her children from embarrassment.
L.C.S.B. presented testimony that the two minor children to be adopted had been placed with another family who was interested in adopting them. The couple has custody of the biological sibling of one of the children who is the subject of this case, and the three children have bonded. Further testimony indicated that the two children had bonded well to the potential adoptive parents and have adjusted extremely well to their new environment. At the conclusion of testimony, the magistrate took the matter under advisement and issued his written report on January 14, 1998. Appellants objected to the magistrate's report. On February 12, 1998, the trial court overruled the objection and adopted the magistrate's report. Appellants timely appealed to this Court presenting four issues for our review.
 II. First Assignment of Error Whether the Trial Court acted contrary to the statute when it placed the burden of proof on the Appellants to establish that the adoptions were in the best interest of the minor children and that the current placement was the least detrimental alternative.
Appellants first contend that the trial court improperly placed the burden of proof on them to establish what was in the best interest of the children and whether their present placement was the least detrimental alternative. This assertion lacks merit.
In a contested adoption case, R.C. 3107.161 sets forth the procedure by which a trial court must determine what is in the best interest of the child. R.C. 3107.161 provides:
 (A) As used in this section, "the least detrimental available alternative" means the alternative that would have the least long-term negative impact on the child.
 (B) When a court makes a determination in a contested adoption concerning the best interest of a child, the court shall consider all relevant factors including, but not limited to, all of the following:
 (1) The least detrimental available alternative for safeguarding the child's growth and development;
 (2) The age and health of the child at the time the best interest determination is made and, if applicable, at the time the child was removed from the home;
 (3) The wishes of the child in any case in which the child's age and maturity makes this feasible;
 (4) The duration of the separation of the child from a parent;
 (5) Whether the child will be able to enter into a more stable and permanent family relationship, taking into account the conditions of the child's current placement, the likelihood of future placements, and the results of prior placements;
 (6) The likelihood of safe reunification with a parent within a reasonable period of time;
 (7) The importance of providing permanency, stability, and continuity of relationships for the child;
 (8) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (9) The child's adjustment to the child's current home, school, and community;
 (10) The mental and physical health of all persons involved in the situation;
 (11) Whether any person involved in the situation has been convicted of, pleaded guilty to, or accused of any criminal offense involving any act that resulted in a child being abused or neglected; whether the person, in a case in which a child has been adjudicated to be an abused or neglected child, has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether the person has been convicted of, pleaded guilty to, or accused of a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the person's family or household; and whether the person has been convicted of, pleaded guilty to, or accused of any offense involving a victim who at the time of the commission of the offense was a member of the person's family or household and caused physical harm to the victim in the commission of the offense.
 (C) A person who contests an adoption has the burden of providing the court material evidence needed to determine what is in the best interest of the child and must establish that the child's current placement is not the least detrimental available alternative.
R.C. 3107.161(C) places the burden upon the party objecting to provide the trial court with evidence necessary for a determination of the best interest of the child. Contrary to Appellants' contention, the statute does not place the burden of proving what is in the best interest of the child on the objecting party. What is in the best interest of the child is a legal determination that must be made by the trial court, after consideration of all the requisite factors as provided in R.C.3107.161. In the instant case, the trial court properly considered the relevant statutory factors and determined that Appellants' adoption of the two minor children in issue was not in the childrens' best interest. In addition, L.C.S.B. provided evidence that the children had been placed with another potential adoptive family, and had adjusted extremely well to their new environment. Thus, the trial court did not improperly place the burden upon Appellants to establish what was in the best interest of the children, and L.C.S.B. provided sufficient evidence of an alternative placement. Appellants' first assignment of error is overruled.
 Second Assignment of Error The Trial Court's decision is contrary to the manifest weight of the evidence.
Appellants next aver that the trial court's judgment is against the manifest weight of the evidence. This Court disagrees.
An appellate court conducts the same manifest weight analysis in both criminal and civil cases. Lagasse v. Yaeger
(Sept. 9, 1998), Lorain App. No. 97CA006774, unreported at 3. When applying this standard, an appellate court must
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. In applying this standard to the instant case, this Court cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice necessitating a new trial. As discussed supra, the trial court properly considered the statutory criteria in assessing the best interest of the children and concluded that the adoption by Appellants was not in the children's best interest. Evidence was presented before the trial court that Appellants had routinely physically and emotionally abused both their biological and adopted children. Although Appellants presented testimony pertaining to their character, these witnesses lacked any insight as to the happenings behind the closed doors of Appellants' home. Four of Appellants' eight children testified that they were subjected to, and witnesses of, physical and emotional abuse at the hands of Appellants. An accusation of physical abuse on the part of Appellants is certainly a significant factor in the determination of the best interest of the children. See R.C.3107.161(B)(11). The trial court had before it a petition for the adoption of two young children who had the opportunity to be permanently placed with another family with whom the children had already bonded. In addition, testimony was presented that Appellant mother had a documented history of anger control problems. After duly considering the requisite statutory factors and reviewing the entire record, this Court cannot conclude that the trial court's judgment was against the manifest weight of the evidence. Appellants' second assignment of error is overruled.
 Third Assignment of Error The Trial Court's decision deprived Appellants of equal protection of the laws in accordance with the Fourteenth Amendment of the Constitution of the United States.
Appellants next assert that the judgment of the trial court violated their equal protection rights. This assertion is without merit.
Appellants rely upon L.C.S.B.'s alleged failure to comply with R.C. 5153.16 by not conducting a risk assessment prior to removing a child from an alleged abusive home. However, Appellants misunderstand the nature of the proceedings below. L.C.S.B. did not move the trial court to remove the children from Appellants' care. Rather, Appellants petitioned the court to adopt the children, and L.C.S.B. properly objected pursuant to R.C. 3107.07(K). Thus, the hearing before the magistrate pertained to a contested adoption and a determination of the best interest of the children pursuant to R.C. 3107.161. Simply because there were allegations of physical and emotional abuse presented during the hearing, the action did not become one for removal of the children pursuant to R.C. Chapter 5153. Accordingly, L.C.S.B. was not required to complete a risk assessment, and Appellants were not denied equal protection by such omission. Appellants' third assignment of error is overruled.
 Fourth Assignment of Error The Trial Court failed to consider each [sic] set forth in O.R.C. [sic] Section 3107.161
Finally, Appellants assert that the trial court failed to consider each statutory factor pursuant to R.C. 3107.161. We disagree.
When reviewing a trial court's adoption of a magistrate's report, an appellate court must not reverse the trial court's determination unless it appears that the trial court's actions were arbitrary or unreasonable. Perrine v. Perrine (Nov. 20, 1996), Summit App. No. 17736, unreported at 7. Thus, a reviewing court may not merely substitute its judgment for that of the trial court. Id. In the case sub judice, the magistrate's findings specifically indicate that it considered R.C. 3107.161(B)(1), (2), (5), (7), and (10) in assessing the best interest of the children. Although the magistrate's findings do not list each factor enumerated in R.C. 3107.161, this does not indicate that all the statutory factors were not duly considered. In addition, R.C. 3107.161 does not limit the trial court to the factors enumerated therein, but requires consideration of all relevant factors. See R.C. 3107.161(B). Appellants' naked assertion that the court failed to consider each statutory factor is simply an empty statement devoid of support. Based upon the record before us, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably by adopting the magistrate's report. Appellants' fourth assignment of error is overruled.
 III.
Appellants' assignments of error are overruled. The judgment of the Lorain County Common Pleas Court, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 _____________________ EDWARD J. MAHONEY FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR.
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] Appellants fail to enumerate assignments of error in their brief before this Court in accordance with App.R. 16(A)(3). Thus, their arguments before this Court may summarily be overruled pursuant to App.R. 12(A)(2). However, in the interest of justice we will address the arguments presented for our review.